PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2004 Chevrolet Monte Carlo struck rocks on County Route 36 in Clarksburg, Harrison County. County Route 36 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 29,2008, at between 1:00 p.m. and 3:00 p.m. County Route 36 is a two-lane road with a center line and no edge lines. There is a rock-cut high wall located along the side of the road. At the time of the incident, it was raining and claimant was traveling from her home on Laurel Valley Road to the supermarket located on Route 19. Claimant was driving on County Route 36 at approximately thirty to thirty-five miles per hour when rocks rolled off the top of the hill wall and onto the road, causing her vehicle to strike them. Claimant was unable to see the rocks until they were located in front of her vehicle. After the incident, claimant removed at least one of the rocks from the road. Claimant testified that there is no barrier or “falling rock” warning signs in this area. As a result of this incident, claimant’s vehicle sustained damage in the amount of $ 1,216.24. Claimant’s insurance deductible is $1,000.00.
The position of the respondent is that it did not have notice of the rocks on County Route 36 prior to the incident in question. David Cava, Highway Administrator for respondent in Harrison County, testified that this is not an area that is known for rock falls. Mr. Cava stated that County Route 36 is a secondary route, and the average daily traffic count is approximately 300 to 500 vehicles per day. Respondent maintains that it did not receive complaints regarding rock falls at this particular location before this incident occurred.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on County Route 36 in Harrison County. Mr. Cava testified that County Route 36 is not an area known for rock falls. The Court cannot hold respondent liable for the spontaneous falling of a rock. See Jack v. Division of Highways, CC-06-0111 (1999). While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of *267 respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.